YELVERTON, Judge.
Plaintiff’s Corvette automobile was damaged in a collision with a vehicle driven by Julian I. Perry. The Perry car was owned by Perry Chrysler-Plymouth,' Inc. and insured by Royal Globe Insurance Company. Plaintiff sued the driver, the owner and the insurer of the Perry car for property damage.
Defendants filed an exception of no right of action which was overruled. Defendants then admitted liability and the case was tried and submitted to a jury on the question of damages.
The jury returned a special verdict awarding plaintiff $1,791 as the cost to repair the Corvette, and $500 for depreciation. Plaintiff appeals this verdict claiming that the evidence supported larger awards, $2,272 for repairs and $1,000 for depreciation. Defendant answered the appeal claiming damages were excessive and that the trial court erred in overruling the exception of no right of action.
We affirm.
THE AWARD
The standard of review is whether the jury abused its discretion. No mechanical rule exists for the assessment of property damage, and each case rests on its own facts and circumstances as supported by the proof in the record. Bunkie Funeral Home, Inc. v. McNutt, 414 So.2d 1263 (La.App. 3rd Cir.1982). Plaintiffs argument that the award for repairs should be $2,272 is based upon an estimate prepared by the Chevrolet dealership in Alexandria. However, plaintiff did not have the car repaired by this estimator, but chose to have it repaired by another body shop at a lesser cost of $1,549. The jury award was obviously the sum of what had been actually paid for repairs plus the proven costs of three small items needed to complete repairs. We find no abuse of discretion in this essentially fair award.
The argument that the Corvette’s depreciation from the accident should have been $1,000 rather than the $500 awarded by the jury is based upon the testimony of a Chevrolet salesman who saw the Corvette before the wreck and afterwards, and stated that its trade-in value was reduced by $1,000 because of the wreck. There was conflicting evidence concerning the condition of the car before the accident. The jury also saw photographs of the car after the accident which show that the damages were not extensive.
Damages for depreciation of automobiles are recoverable if proved. Foil v. Durge, 196 So.2d 567 (La.App. 1st Cir.1967). We conclude that the jury’s award of $500 for this item was supported by the evidence and not an abuse of discretion.
THE EXCEPTION OF NO RIGHT OF ACTION
The ground for this objection was that plaintiff was not the owner of the Corvette. After the jury verdict the trial court heard arguments on the exception and overruled it.
Plaintiff testified at the trial that he was the owner. The record contains a lease-purchase agreement with plaintiff shown as lessee. Although this agreement is in the record it was not introduced in evidence and therefore it may not be considered as evidence.[1] Broussard v. Champagne, 401 So.2d 1067 (La.App. 3rd Cir.1981).
The exception of no right of action was properly overruled.
*259 The judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.

. Under the terms of the agreement plaintiff assumed all liability for damage caused to the vehicle. Therefore, a remand to permit introduction of the lease-purchase agreement into evidence would end in the same result that we and the trial court have reached, i.e., that plaintiff had a right of action.